IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COLIN M. BRANCA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TARGET CORPORATION** | : | **NO. 23-4459** |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                                              **July 2, 2024**

Colin M. Branca, a model whose photo was featured in men's grooming sections of Target stores, brought this action against Target Corporation for unauthorized use of his likeness in violation of Pennsylvania's right to publicity statute, 42 Pa. Cons. Stat. § 8316, and the state privacy and right to publicity laws in all 50 states. He claims Target continued to display his photograph in its stores after the term fixed in his model contract had expired.

Target moves for summary judgment. It argues that the parties' contract bars Branca's claims and that he has produced no evidence that Target violated his rights to publicity or privacy in any state.[1] Branca contends that the undisputed evidence shows that Target displayed his image in its stores after the term allowed by the contract.[2]

After reviewing the facts in the light most favorable to Branca and drawing all reasonable inferences from them in his favor, we conclude that he has not established an essential element of his causes of action—the absence of consent. The undisputed facts show that the parties contemplated that some photographs might remain in place beyond

---

[1] Def. Target's Br. in Supp. of Mot. for Summ. J. at 6, 15, 17, 23, ECF No. 39 ["Mot. for Summ. J."].
[2] Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1, ECF No. 49 ["Resp."]),

the contract term and no additional materials could be placed after that time. Although it is undisputed that Branca's photo appeared in some Target stores after the contract term, there is no evidence that Target placed his photo after the contract expired. Therefore, we shall grant Target's motion.

## Facts

Branca and Target entered into a Target Talent Contract authorizing Target to use his image for advertising and promotional purposes from October 21, 2021, to April 21, 2023 ("2022 Contract").[3] The 2022 Target Talent Contract was the third in a series of contracts. In 2018, Branca attended a five-hour photo shoot and agreed that Target could display his photographs in its advertising until November 6, 2018.[4] In 2019, Branca entered into another contract, permitting Target to reuse the image from his 2018 contract for the period March 31, 2020 through October 31, 2021.[5] The third contract, the 2022 Target Talent Contract, retroactively extended the term for 18 months, starting October 21, 2021, and ending April 21, 2023.

Target manages its displays of merchandise, signs, and images on a planogram.[6] Each planogram has a set date for placing advertising signs and images on display. It directs employees to start displaying the sign or image on the set date.[7] In this case, the

---

[3] 2022 Target Talent Contract at 2 (attached as Ex. C to Mot. for Summ. J.), ECF No. 41-4 ["2022 Target Talent Contract"].

[4] 2018 Target Talent Contract at 2 (attached as Ex. A to Mot. for Summ. J.), ECF No. 41-2.

[5] 2019 Target Talent Contract at 2 (attached as Ex. B to Mot. for Summ. J.), ECF No. 41-3.

[6] Dep. of Benjamin Buchner, 79:7-11 (attached as Ex. B to Resp.), ECF No. 51-1 ["Buchner Dep."].

[7] Buchner Dep. 67:2-4; 89:16-22.

2

planogram directed Target employees to place Branca's image in 371 stores in 44 states on March 5, 2023.[8] The image used is a close-up headshot.

On September 14, 2023, after Branca saw his photo in a Target store, his attorney sent Target a letter complaining that it was using his image in breach of the contract and in violation of his rights of publicity and privacy.[9] On October 18, 2023, Target management sent an email communication directing its stores to confirm that Branca's image had been removed.[10]

On November 13, 2023, Branca filed this action. He later amended his complaint. In Count I, he brings a cause of action for unauthorized use of his likeness under Pennsylvania law and for using his image for commercial or advertising purposes without his permission since April 21, 2023. In Count II, he asserts a cause of action for false endorsement under the Lanham Act. In Count III, he claims violations of his right of publicity in twenty states under each state's right of publicity statute. In Count IV, he asserts claims under the common law right of publicity in thirty-four states and the District of Columbia. In his response to Target's motion for summary judgment, Branca withdrew his Lanham Act claim in Count II.[11]

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of

---

[8] Target Male Soap TRN Set Date (attached as Ex. E to Resp.), ECF No. 51-6 ["Male Soap TRN"]; Planogram at 3 (attached as Ex. R to Mot. for Summ. J.), ECF No. 41-19 ["Planogram"].

[9] Letter from M. Kelly Tillery to Don H. Liu (attached as Ex. C to Resp.), ECF No. 51-2.

[10] Buchner Dep. 67:19-68:1; 84:18-85:5; Email, Oct. 18, 2023 (attached as Ex. AA to Mot. for Summ J.), ECF No. 41-28.

[11] *See* Resp. at 14.

law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A moving party is entitled to summary judgment when it has demonstrated that the nonmoving party "has not made 'a showing sufficient to establish the existence of an element essential to that party's case ... on which that party will bear the burden of proof at trial.'" *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (quoting *Celotex Corp.,* 477 U.S. at 322)).

## Analysis

*Pennsylvania Unauthorized Use of Name or Likeness*

Branca asserts a cause of action under Pennsylvania's unauthorized use of name or likeness statute. He alleges that Target has used and continues to use his likeness for commercial purposes without his authorization.[12]

Section 8316 of the Pennsylvania Judicial Code creates a cause of action for unauthorized use of name or likeness. It provides:

> Any natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose without the written consent of such natural person ... may bring an action to enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use.

42 Pa. Cons. Stat. § 8316.

The absence of consent is an essential element of a cause of action under the statute. Branca did not authorize Target to place his photos in its stores after April 21, 2023, but he did allow that "materials placed during the Term…may remain on display or

---

[12] Am. Compl. ¶ 66, ECF No. 14.

in circulation following the expiration of the Term."[13] Thus, if Target did not place his photos in stores after April 21, 2023, and those that remained after that date had been placed before April 21, 2023, Branca cannot complain that he did not give his consent.

Branca gave Target the right to use his image and likeness in its advertising, promotion, and publicity material for an 18-month period. Target used a close-up headshot in the male soap products section of its stores during that period.[14]

The contract provides:

> Any materials placed during the Term which may remain on display or in circulation following the expiration of the Term shall not give rise to a claim against the Licensed Parties, provided however, that the Licensed Parties shall not place any additional materials produced hereunder in any media (other than as permitted herein) following the expiration of the Term.[15]

When the contract language is clear and unambiguous, the court construes it as a matter of law. *Commonwealth by Shapiro v. UPMC*, 208 A.3d 898, 910 (Pa. 2019) (quoting *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468-69 (Pa. 2006)). On the other hand, where the contract is ambiguous, it is for the factfinder to ascertain the parties' intent. *Id.* (quoting *Ins. Adjustment Bureau*, 905 A.2d at 468-69).

The parties disagree on the interpretation of this provision. Merely because the parties interpret the contract differently does not mean it is ambiguous. *Pass v. Palmiero Auto. of Butler, Inc.*, 229 A.3d 1, 5 (Pa. Super. Ct. 2020) (citing *Nicholas v. Hoffman*, 158 A.3d 675, 693 (Pa. Super. Ct. 2017)). A contract is ambiguous only where different

---

[13] 2022 Target Talent Contract at 2.

[14] Target Store Photos (attached as Ex. I to Mot. for Summ. J.), ECF No. 41-10; Buchner Dep. 80:11-16.

[15] 2022 Target Talent Contract at 2.

constructions are capable of being understood in more than one sense. *Commonwealth by Shapiro*, 208 A.3d at 910 (citing *Ins. Adjustment Bureau*, 905 A.2d at 468-69). Where the proffered alternative meaning is unreasonable, there is no ambiguity. *Dressler Fam., LP v. PennEnergy Res., LLC*, 276 A.3d 729, 736 (Pa. Super. Ct. 2022), (quoting *Mitch v. XTO Energy, Inc.*, 212 A.3d 1135, 1139 (Pa. Super. 2019)). "Nor does ambiguity exist if it appears that 'only a lawyer's ingenuity has made the language uncertain.'" *Pass*, 229 A.3d at 5 (quoting *Consol. Rail Corp. v. ACE Prop. & Cas. Ins. Co.*, 182 A.3d 1011, 1026 (Pa. Super. Ct. 2018)).

The contract here is unambiguous. The parties anticipated that Branca's photos might remain on display beyond the contract term, and, in that event, Target would not be liable. The contract provides that Target is not obligated to compensate Branca for use of materials that "remain on display or in circulation following the expiration of the Term."

The contract barred Target from placing "additional materials" after the contract term. Rather than pointing to evidence that Target placed the images after the expiration date, Branca shifts the burden of proving his case to Target. He argues that Target has not shown that the images were placed before the expiration date.[16] On the contrary, Target's corporate designee, Benjamin Buchner (Senior Manager of Project Management and Store Experience Marketing), testified that company documents reveal that the signs were placed, as directed by management, on March 5, 2023, before the expiration date.[17] *See* Fed. R. Civ. P. 30(b)(6).

---

[16] Resp. at 4.
[17] Buchner Dep. 66:8-67:9; 87:1-25.

Target produced its planogram or marketing plan showing that 371 Target stores were directed to display Branca's image within the week of March 5, 2023, during the contract term.[18] The set date on the planogram was March 5, 2023.

Branca argues that the term "set date" is "vague and ambiguous, such that Mr. Branca cannot assess its accuracy, raising additional issues of material fact in all 371 stores."[19] As Target points out, Branca's counsel himself explained the meaning of the term as "the date that someone actually physically took the image of Mr. Branca and put it up in a display in a Target store."[20] Buchner confirmed that set date means the date the image was placed on the buying floor.[21]

The term "set date" is not vague or ambiguous. It is when the images were placed on display. The uncontroverted evidence is that the images were placed in circulation prior to the contract expiration.

Although there is evidence that Branca's image was on display after the contract term, Branca has produced no evidence that it had been placed on display after the contract term had expired. In his deposition, Buchner identified several Target records containing the information specifying where Branca's photo was placed, when it was placed, and when it was removed. Branca did not present evidence from those records showing that his photo was placed after April 21, 2023. Either he did not request these records or they did not support his contention.

---

[18] Planogram at 3.

[19] Def. Target Corp.'s Stmt of Undisputed Facts ¶ 24, ECF No. 49-4 ["DSF"]; Pl.'s Resp. to Def. Target Corp.'s Stmt of Undisputed Facts ¶ 24, ECF No. 51-13 ["PRDSF"].

[20] Buchner Dep. 87:16-19.

[21] Id. 66:19-21.

To avoid the clear contractual language, Branca contends that his image appearing in a Target store after April 21, 2023, was not one that remained "on display."[22] He does not allege that the images were different from the image displayed under the contract. Instead, he creates a contrived meaning of "on display." He argues that the "plain meaning" of the term "on display" is "when it is presented 'in open view' of actual sighted humans."[23] Branca posits that when each store closes and turns the lights off for the night, the images are no longer on display. When it reopens and turns on the lights in the morning, it places them on display "once again."[24]

Branca's interpretation that the advertisements are placed on display anew each time Target opens its stores is a "strained contrivancy" that does not establish an ambiguity. See Steuart v. McChesney, 444 A.2d 659, 663 (Pa. 1982) (citing Anstead v. Cook, 140 A. 139, 140, (Pa. 1927)) ("In holding that an ambiguity is present in an agreement, a court must not rely upon a strained contrivancy to establish one.") Branca's contrived interpretation of "remain on display" does not present a reasonable alternative interpretation rendering the contact clause ambiguous.

In short, Branca has not produced evidence that Target placed additional materials featuring his likeness after the contract's expiration. Nor has he proffered evidence that Target displayed his image more than 18 months once it was placed. Because the parties contemplated that Branca's image might remain on display after the expiration date provided it had been placed during the contract term, Branca cannot complain that he did

---

[22] Resp. at 8.

[23] Id.

[24] Id.; See also Am. Compl. ¶¶ 48, 51.

not give his consent. Therefore, Branca has not established an essential element of his cause of action.

*Right to Privacy and Right to Publicity in 49 States and the District of Columbia*

In Counts III and IV, Branca sues Target in the District of Columbia and every state except Pennsylvania.

Branca has produced evidence that his image was placed in 371 Target stores in states throughout the country.[25] He argues that he is entitled to relief under the law in each state where his image was used without his authorization.[26] The same evidence that Branca has produced to establish that his image was placed in Target stores in states other than Pennsylvania establishes that the images were placed during the contract period. That the images were set for placement in the 371 Target stores on March 5, 2023, is not in dispute. There is no evidence that any images were placed after that date. In other words, Branca has failed to establish that Target placed his image on display in a Target store in any state after the contract term. There is no evidence showing that the images had been removed from display and reposted after the contract expiration. These claims suffer the same flaw as the cause of action under the Pennsylvania statute.

## Conclusion

Branca must establish that Target displayed his image without his written consent. He has not done so. The uncontroverted evidence is that, as authorized by the contract, Target placed Branca's photo on display on March 5, 2023, not after April 21, 2023. Therefore, we shall enter judgment in favor of Target.

---

[25] Male Soap TRN; Planogram.
[26] Resp. at 11.